**Larry Allen CHIEFLY, Petitioner–Appellant,**

v.

**Warden PROVINCE, Respondent–Appellee.**

**No. 09–6215.**

United States Court of Appeals, Tenth Circuit.

Feb. 3, 2010.

Larry Allen Chiefly, Hominy, OK, for Petitioner–Appellant.

Diane L. Slayton, Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before HARTZ, ANDERSON, and TYMKOVICH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

HARRIS L. HARTZ, Circuit Judge.

Larry Chiefly seeks a certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 application). The United States District Court for the Western District of Oklahoma denied the application on the ground that it was untimely. *See id.* § 2244(d). We deny the application for a COA and dismiss the appeal.

---

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable ... whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In this case no reasonable jurist could debate the correctness of the district court's determination that Mr. Chiefly's application under § 2254 was untimely, as explained in the excellent report and recommendation by the magistrate judge. Indeed, in his brief before this court, Mr. Chiefly does not dispute that § 2244(d) bars his claim. Rather, he challenges the constitutionality of that statutory provision, at least as applied to his claim. But he did not raise that constitutional challenge in district court; so it is not properly before us. *See Hammon v. Ward,* 466 F.3d 919, 926 n. 8 (10th Cir.2006).

Accordingly, we DENY Mr. Chiefly's application for a COA and DISMISS the appeal.